STRANSKY, Administrator, Appellant, vs. KOUSEK and another, Respondents.

*April 5—April 30, 1929.*

*L. D. Potter* of Racine, for the appellant.

For the respondents there was a brief by *Hoyt, Bender, McIntyre & Hoyt* of Milwaukee, and oral argument by *Eugene L. McIntyre.*

STEVENS, J. 1. The policy provided that no action should be maintained against the defendant insurance carrier except to recover "loss resulting from damages assessed by law against the assured." The insurance company was made a party defendant and defended the action without pleading this provision of the policy in abatement. Approximately four months after the final judgment was entered in the action, the defendant company was permitted to amend its answer so as to plead this provision in the policy. By failing to plead in abatement and by answering and defending on the merits, the defendant company effectually waived its right to plead this provision of its policy in abatement of the action.

2. The action was properly dismissed against the owner of the car. "The so-called 'family doctrine' as applied to the use of an automobile, adopted in some states, does not obtain here, and the father is not responsible for the negligent operation of his automobile by his minor child merely because of the relationship existing between them, but liability must be predicated on the principles of agency." *Papke v. Haerle,* 189 Wis. 156, 158, 207 N. W. 261. The proof established the fact that the son at the time of the accident was not prosecuting his father's business or acting as his agent.

3. The plaintiff had no right to maintain this action against the defendant insurance company. Liability under the policy was limited to indemnifying "the assured against loss resulting from damages assessed by law against the assured on account of bodily injuries, including death at any time resulting therefrom" caused by accident due to the op-

eration of the automobile described in the policy. The policy further provided that "the indemnity herein provided shall extend also to any person or persons riding in or legally operating any of the automobiles described in the schedule. . . . The unqualified term 'assured,' wherever used in this policy, shall include in each instance any person . . . entitled to indemnity" under the provisions of this policy.

These provisions might render the defendant insurance corporation liable if a judgment had been recovered against the son, but it is clear that they do not render the defendant corporation liable in this action against the father, because the action has been dismissed as to the father and the liability of the insurance carrier under this policy is limited to indemnifying the assured "against loss resulting from damages assessed by law."

The insurance corporation was made a party to this action under the provisions of sec. 85.25 of the Statutes. That statute imposes no liability where none exists under the contract of insurance. "Sec. 85.25, Stats., does not give the plaintiff a right of action against the insurance company. This is a remedial statute which does not create a liability or confer any right of action where none exists under the terms of the policy itself. The only effect of the statute is to permit the insurance company to be made a party defendant in those cases where the policy creates a liability against the insurance carrier." *Bro v. Standard Acc. Ins. Co.* 194 Wis. 293, 295–6, 215 N. W. 431.

*By the Court,*—Judgment affirmed.