BACHHUBER, Plaintiff and Respondent, vs. BOOSALIS, Defendant: AMERICAN INDEMNITY COMPANY, Defendant and Appellant.

*January 6—February 4, 1930.*

The cause was submitted for the appellant on the brief of *Anthony G. Derse* of Oconomowoc and *Ernest E. Watson* of Minneapolis, Minnesota, and for the respondent on that of *Shannon & Cronin* of Oconomowoc.

CROWNHART, J.   The action is to recover damages to plaintiff's automobile in a collision, wherein the defendant

Boosalis is charged with negligence causing the damage. The insurer of Boosalis was made a party on the theory of direct liability to plaintiff under sec. 85.25, Stats.

Service was had upon the defendant Boosalis by service on the secretary of state, pursuant to sub. (3), sec. 85.15, Stats., and upon the defendant insurance company by service on the insurance commissioner, pursuant to sub. (2) (b), sec. 201.38. The defendant Boosalis failed to appear. The defendant insurance company answered alleging that it was a foreign corporation not licensed to do business in Wisconsin; that the contract of insurance involved was issued by it. in Minnesota to Boosalis, who was then a resident thereof; that by the terms of the policy no liability was incurred by the insurer unless the insured gave immediate notice of the accident resulting in damage and immediate notice of claim under the policy, and unless the insured co-operated in the defense of any action brought against him by reason thereof. The insurance company alleges that the insured failed to comply with the provisions of the policy in those respects.

The provisions in the policy as to notice of accident, claim for damages, and co-operation in defense are conditions precedent, failure to perform which, in the absence of waiver or estoppel, constitute defenses to liability on the policy. *Foster v. Fidelity & Cas. Co.* 99 Wis. 447, 75 N. W. 69; *Underwood Veneer Co. v. London G. & A. Co.* 100 Wis. 378, 75 N. W. 996.

Sec. 85.25, Stats., reads as follows:

"Any bond or policy of insurance covering liability to others by reason of the operation of a motor vehicle shall be deemed and construed to contain the following conditions: That the insurer shall be liable to the persons entitled to recover for the death of any person, or for injury to person or property, caused by the negligent operation, maintenance, use or defective construction of the vehicle

described therein, such liability not to exceed the amount named in said bond or policy."

We have held recently that sec. 85.25 creates no liability where none exists by the terms of the policy. *It only provides direct liability and for joining the insurer with the insured in an action where there is an ultimate liability on* the insurer on its contract of insurance. *Stransky v. Kousek,* 199 Wis. 59, 225 N. W. 401.

The answer of the insurance company sets forth a good defense as against Boosalis, and as it is liable under its contract only by reason of its liability to Boosalis, the demurrer to the answer should have been overruled.

*By the Court.*—The order of the circuit court is reversed.