BERNARD, Special Administratrix, Respondent, vs. WISCONSIN AUTOMOBILE INSURANCE COMPANY, Appellant.

*October 13, 1932—January 10, 1933.*

O. A. Oestreich of Janesville, for the appellant.

For the respondent there were briefs by *Genrich & Genrich,* attorneys, and *L. A. Pradt, Jr.* of counsel, all of Wausau, and oral argument by *Fred W. Genrich.*

The following opinion was filed November 9, 1932:

WICKHEM, J. The facts relating to the collision out of which this accident arose are fully set forth in the case of *Bernard v. Jennings,* heretofore referred to, and need not be repeated here. There are several assignments of error, but in the view the court takes of the case it will be necessary to discuss only one of them.

Defendant contends that the provisions of the insurance policy preclude any recovery for damages arising by reason of the death of Bernard. This contention is based upon the fact that Bernard was an employee of the named assured, and that the liabilities of the assured to Bernard, by reason of injury sustained while in the course of his employment, were imposed and governed by the workmen's compensation law. The policy contains two sets of exclusions:

"(a) *General exclusions.* This policy shall not be effective to cover any loss or damage to any vehicle, or to afford

protection against any liability for bodily injuries to or death of any person, or for damage or destruction of property. . . .

"(3) Unless the Assured shall comply with all conditions and requirements of this policy with reference to notice, proof of loss, notice of accident, and co-operation of the assured;

"(4) If the Assured or his agent has concealed or misrepresented, in writing or otherwise, any fact or circumstances concerning this insurance or its object, or the vehicle covered hereby, its use, value, and/or ownership, or shall make any attempt to defraud the company either before or after a loss. . . .

"(b) *Exclusions section II.*

"The company shall not be liable under section two of the policy, unless specifically indorsed hereon, for: . . .

"(2) For injuries sustained by (a) *any person to whom the assured may be liable because of the obligations, requirements, impositions, or penalties of any workmen's compensation plan or law;* (b) any employee of the assured who at the time of injury is engaged in the operation, maintenance, or repair of any automobile covered hereby; (c) *any employee of the Assured (including chauffeurs but excluding other household servants) arising out of and in the course of the trade, business, profession, or occupation of the Assured;* (d) any person riding in said automobile without the express or implied consent of Assured or of an adult member of Assured's family, other than a chauffeur or domestic servant; (e) the Assured named herein, if an individual. . . ."

The liability sought to be established in this case arises out of the insertion in the policy, in compliance with sec. 204.30 (3), Stats., of a paragraph entitled "Additional interests" which reads as follows:

"The indemnity provided by section II of this policy is extended to apply, in the same manner and under the same provisions as it is applicable to the named assured, to any person or persons while riding in or operating any automo-

bile described in this policy when such automobile is being used for the purposes and in the manner described in said policy. Such indemnity shall also extend to any person, firm, or corporation legally responsible for the operation of such automobile. The coverage hereby afforded shall not apply unless the riding, use, or operation above referred to be with the permission of the Assured named in this policy, or if such Assured is an individual, with the permission of an adult member of such Assured's household, other than a chauffeur or domestic servant, nor unless such person, firm, or corporation shall comply with all provisions herein regarding notice, information, affidavits, proof of loss, and cooperation, and other requirements of the Assured; . . ."

It is defendant's claim that the "Additional interests" clause merely puts the persons affected by this clause in the same position as the assured, subject to all of the conditions of the policy as they apply to the assured, and subject to all the limitations upon coverage contained in the policy. Hence it contends that, since Bernard was an employee of the named assured, the latter was liable to him under the compensation act, and injuries to Bernard in the course of his employment are excluded from the coverage, whether the person claiming the indemnity be the named assured or one of those to whom the "Additional interests" clause applies. The law governing the situation presented by this case must be regarded as settled in favor of the contention of the defendant. *Fanslau v. Federal Mut. Auto. Ins. Co.* 194 Wis. 8, 215 N. W. 589; *Bro v. Standard Acc. Ins. Co.* 194 Wis. 293, 215 N. W. 431; *Stransky v. Kousek,* 199 Wis. 59, 225 N. W. 401; *Bachhuber v. Boosalis,* 200 Wis. 574, 229 N. W. 117; *Drewek v. Milwaukee Auto. Ins. Co.* 207 Wis. 445, 240 N. W. 881. In the *Drewek Case* this court, speaking through Mr. Justice FRITZ, said:

"If, because of express limitations in the policy on the scope of the insurance, the casualty or the operation of the automobile at the time of the casualty was not within the

coverage of the policy, then there is no liability on the part of the insurer, regardless of whether the automobile was then being operated by the assured or by some one else with his permission. Neither sec. 204.30 (3), Stats., nor the provision embodied in the policy pursuant thereto, creates a liability or confers any right of action where none exists under the terms of the policy itself."

It is also established that there is no liability to a third person claiming the benefits of such a policy as is here involved, unless there is a liability under the terms of the policy, and that sec. 85.93, Stats. (sec. 85.25, Stats. 1927), providing for direct liability of insurers to persons entitled to recover of the assured, creates no liability where none exists by the terms of the policy. As was stated by Mr. Justice CROWN-HART in *Bachhuber v. Boosalis*, 200 Wis. 574, 229 N. W. 117, "It only provides direct liability and for joining the insurer with the insured in an action where there is an ultimate liability on the insurer on its contract of insurance." See, also, *Stransky v. Kousek*, 199 Wis. 59, 225 N. W. 401.

It is contended by plaintiff that, properly construed, the word "assured," where it occurs in the policy, should be treated as referring to any person to whom the "Additional interests" clause applies, and that in this case it should be taken to refer to Jennings. Consequently, since Bernard was not in the employ of Jennings, the exclusions relied upon by defendant are claimed to have no application. An examination of the policy leads to the conclusion that it is not open to such a construction. Falbe is named as the assured. The word "assured" is capitalized, and plainly refers to him wherever it is used, with one exception, which will be discussed hereafter. The policy is stated to have been issued in consideration of certain warranties made by the "Assured," which can only mean Falbe. The policy is not to be effective if the "Assured" has been guilty of misrepresentation concerning the insurance or its object or the vehicle covered.

The term as here used can only refer to Falbe. The "Additional interests" clause extends the indemnity to persons who operate the car with the permission of the "Assured named in this policy." Here, again, the term "Assured" refers to Falbe. Such a person is required to comply with all the provisions respecting notice, co-operation, and other requirements of the "Assured." It is significant that the only instance of the use of the word which does not clearly apply to the named or original assured, occurs in referring to the right of a vendee of the car to be an "additional Assured," and the policy provides that such a vendee shall not be so covered without a written indorsement evidencing the consent of the insurer. Thus the term "Assured" evidently refers only to the original assured, and to purchasers of the car who secure consent of the insurer to an assignment of the insurance. It plainly is not meant to refer to the persons to whom the benefits of the "Additional interests" clause run. When such a person claims the benefit of the policy it is not proper simply to insert his name wherever the term "assured" occurs in the policy. Under the doctrine of the cases cited, he is entitled to such coverage and subject to such limitations upon the coverage as would be applicable to the named assured. Hence, since Bernard was in the employ of the named assured at the time of the accident, and was entitled to the benefits of the compensation law, his death in the course of his employment is expressly excluded from the coverage of this policy. This conclusion requires that the judgment be reversed.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the complaint.

A motion for a rehearing was denied, with $25 costs, on January 10, 1933.