WIECHMANN, Respondent, vs. HUBER, Administratrix, and another, imp., Appellants.

*March 10—April 11, 1933.*

For the appellants there was a brief by *Richmond, Jackman, Wilkie & Toebaas* of Madison, and oral argument by *W. L. Jackman* and *Harold M. Wilkie.*

For the respondent there was a brief by *Bird, Smith, Okoneski & Puchner* of Wausau, and oral argument by *R. E. Puchner.*

FAIRCHILD, J. This is an action to recover damages by the plaintiff for the death of her husband, who was instantly killed in an automobile accident while riding with Ervin B. Huber, who died shortly after the collision. The plaintiff brings her action against the administratrix of Huber's estate, Huber's insurance carrier, Irwin Hein, who was driving the truck which collided with the car in which deceased was riding, the employer of Hein, and the insurance carrier on the truck. The demurrers by the two appellants were interposed as described in the statement of facts. The question raised by the general demurrer interposed by each appellant goes to the point of the abatement of the cause of action against the assured and the effect of that abatement upon her case against the insurance carrier of Huber.

It is conceded that an action for wrongful death on the part of the plaintiff against Huber abated with Huber's death and that there never has been a recovery against the insured and there cannot be a recovery against his estate. *Kranz v. Wisconsin Trust Co.* 155 Wis. 40, 143 N. W. 1049; *Layton v. Rowland,* 197 Wis. 535, 222 N. W. 811. In support of the ruling of the trial court it is urged that even though the liability of Huber to respond in damages abated upon his death, nevertheless the liability of the General Casualty Company, Huber's insurer, continued as a direct and independent liability. In the view we take of the case this is the only

proposition that need be considered, for if this general demurrer is sustained the questions raised by the special demurrer disappear.

The policy contained the familiar "no-action clause," and respondent argues that the "no-action clause" in the policy is invalid for the reason that under the facts in this case its effect will be to destroy a liability created by sec. 85.93, Stats. If there is a direct liability existing by virtue of sec. 85.93 the point is well taken, but the section provides that the insurer shall be liable *to the person entitled to recover* for the death of any person, irrespective of whether such liability be *in præsenti* or contingent and to become fixed or certain by final judgment against the individual insured. This case turns on the existence or non-existence of a right in the plaintiff amounting to a cause of action against the General Casualty Company of Wisconsin, and this in turn depends upon terms of the policy of insurance and the meaning of sec. 85.93 and sec. 260.11, Stats. To quote briefly from the policy the portion material is: "does hereby insure . . . against loss and/or expense arising or resulting from claims upon the assured for damages on account of bodily injuries and/or death accidentally suffered. . . ." Sec. 85.93 reads in part: "That the insurer shall be liable to the persons entitled to recover for the death of any person, or for injury to person or property, irrespective of whether such liability be *in præsenti* or contingent and to become fixed or certain by final judgment against the insured. . . ." Sec. 260.11 says: "In any action for damages caused by the negligent operation, management or control of a motor vehicle, any insurer of motor vehicles, which has an interest in the outcome of such controversy adverse to the plaintiff or any of the parties to such controversy, . . . is by this section made a proper party defendant in any action brought by plaintiff *on account of any claim against the insured*."

Under the law and the facts of this case respondent is not entitled to recover for the death of her husband against Huber, the assured, because, as conceded by all concerned, her cause of action for wrongful death against him or his estate has abated. It is quite impossible to read into the statutes an intent to create a liability on the part of the insurance carrier completely dissociated from the liability of the insured. The terms of this policy are as positive as may be to the effect that the liability of the insurer depends upon the liability of the insured. Different phases of the subject are thoroughly treated in *Bergstein v. Popkin,* 202 Wis. 625, 233 N. W. 572; *Drewek v. Milwaukee Auto. Ins. Co.* 207 Wis. 445, 240 N. W. 881; *Buckner v. General Casualty Co.* 207 Wis. 303, 241 N. W. 342; *Polzin v. Wachtl,* 209 Wis. 289, 245 N. W. 182; and giving the broadest scope to the language used in secs. 85.93 and 260.11 the respondent can in no event stand in any better position or be entitled to any more than the assured would be under the contract.

*Elliott v. Indemnity Ins. Co.* 201 Wis. 445, 230 N. W. 87, is relied on by respondent. A fundamental difference between that case and this lies in the fact that in the *Elliott Case* a good cause of action against the insured was in existence.

The legislature has imposed limitations upon the right of insurance carriers in the formation of their contracts, such as depriving them of the defense of insolvency, or bankruptcy of the assured, but nothing in the statutes affects the terms of the policy here considered, which requires as a substantive matter a valid existing claim against the insured before a liability against the insurer in favor of a third party beneficiary can exist.

*By the Court.*—Order reversed, and cause remanded for further proceedings according to law.