Martin, J.
 

 In its decision on the motion for summary judgment, the trial court said:
 

 “The defendant, American indemnity Company, had issued to Arnold Coaty a policy of insurance covering the accident in question. The policy was one wherein the insurance carrier agreed to indemnify the assured against the loss sustained. After two years had expired from the happening of the accident there was no liability on the part of Arnold Coaty, it being completely barred by the statute. The cause of action was completely wiped out. There being no liability on the part of Coaty then there is no liability on the part of the insurance carrier because under its contract there is no one to indemnify. Coaty not being liable the insurance carrier is not liable.”
 

 Since the enactment of ch. 341, Laws of 1925 (sec. 85.25, Stats. 1927), this court has repeatedly held that sec. 85.25 makes the insurance company directly liable “to the persons entitled to recover for the death of any person, or for injury to person or property, caused by the negligent operation, maintenance, use or defective construction of the vehicle described therein,” up to 1;he amount of its policy. Sec. 85.25 was amended by ch. 467, Laws of 1929, by adding thereto, following the clause, “that the insurer shall be liable to the persons entitled to recover for the death of any person, or for injury to person or property,” the clause, “irrespective of whether such liability be
 
 in prcesenti
 
 or -contingent and to become fixed or certain by final judgment against the insured, when. . . .” Sec. 85.25 was renumbered by ch. 454, Laws of 1929, and has since remained sec. 85.93, Stats.
 

 There can be no doubt as to the right of plaintiffs to pursue their action against Coaty’s insurance carrier alone. See
 
 *372
 

 Elliott v. Indemnity Ins. Co.
 
 201 Wis. 445, 448, 230 N. W. 87;
 
 Oertel v. Fidelity & Casualty Co.
 
 214 Wis. 68, 72, 251 N. W. 465;
 
 State ex rel. Jackson v.
 
 Leicht, 231 Wis. 178, 181, 285 N. W. 335;
 
 State ex rel. Boyd v. Aarons,
 
 239 Wis. 643, 646, 2 N. W. (2d) 221.
 

 While respondent concedes plaintiffs’ right to sue the insurer of the Coaty car alone, it argues that the liability of the insurer is contingent upon the existence of a valid cause of action against the alleged tort-feasor (Coaty), and that such cause of action must continue to be in existence until .final judgment is entered. This contention cannot be sustained. The answer is in the language of the statute, “the insurer shall be liable to the persons entitled to recover for the death of any person, or for injury to person or property, irrespective of whether such liability be
 
 in prcesenti
 
 or contingent and to become fixed or certain by final judgment against the insured.” In support of its contention respondent cites
 
 Lasecki v. Kabara,
 
 235 Wis. 645, 294 N. W. 33, quoting therefrom as follows, page 651:
 

 “Recovery for injuries sustained as a result of the negligence of an operator of an automobile may, under certain circumstances, be had in an action brought against the insurance company alone but a cause of action against the insured must exist.”
 

 The case is not in point. In that case the plaintiff, an un-emancipated minor, never had a cause of action against his deceased parent, therefore he had no cause of action against the parent’s insurance carrier. In the instant case at the time the action was commenced plaintiffs had a cause of action against Coaty and his insurance carrier, with the right to sue either or both. They chose to bring their action against the insurance carrier alone. The action was properly commenced by service of summons and complaint on the insurance carrier within two years from the date of the accident.
 

 
 *373
 
 Respondent also^ cites
 
 Wiechmann v. Huber,
 
 211 Wis. 333, 248 N. W. 112. That case is not in point. In that case the action was by the wife to recover damages for the death of her husband who was instantly killed in the accident while riding with Huber, the assured who died shortly after the collision. The action for wrongful death on the part of plaintiff against Huber abated with Huber’s death. It was contended that even though the liability of Huber to respond in damages abated upon his death, that nevertheless the liability of his insurance carrier, General Casualty Company, continued as a direct and independent liability. At page 336 the court said:
 

 “Under the law and the facts of this ca'se respondent is not entitled to recover for the death of her husband against Huber, the assured, because, as conceded by all concerned, her cause of action for wrongful death against him or his estate has abated. It is quite impossible to read into the statutes [secs. 85.93 and 260.11] an intent to create a liability on the part of the insurance carrier completely dissociated from the liability of the insured.”
 

 In
 
 Hunt v. Dollar,
 
 224 Wis. 48, 271 N. W. 405, also cited by respondent, contention was made that sec. 85.93, Stats., makes an insurer of an owner of an automobile liable to a person injured by his operation of it
 
 regardless of the liability of the insured
 
 under the policy. At page 56 the court said:
 

 “We can perceive no such effect either of the statute or of the decision cited.
 
 [Oertel v. Fidelity & Casualty Co.
 
 214 Wis. 68, 251 N. W. 465.] The decision is merely to the point that the statute authorizes suit against the insurer, although the insured be not joined as a defendant. There is nothing in it to negative the idea that the insurer is not liable unless the assured is, or that any defense under the policy that relieves the insurer from liability as against the assured also relieves it from liability as against injured persons. As to the statute, it does not create liability against the insurer. Liability against the insurer, if any exists, is created by the insurance
 
 *374
 
 contract, not by the statute.” Citing
 
 Stransky v.
 
 Kousek, 199 Wis. 59, 225 N. W. 401;
 
 Bachhuber v. Boosalis,
 
 200 Wis. 574, 229 N. W. 117;
 
 Bernard v. Wisconsin Automobile Ins. Co.
 
 210 Wis. 133, 245 N. W. 200.
 

 It must be noted that the terms and conditions of sec. 85.93, Stats.,'are a part of the insurance policy with like force and effect as though printed in the policy, and this is true whether the policy be considered an indemnity policy or a liability policy. Of course, unless there was a cause of action against the assured Coaty at the time the instant action was commenced, there would be no right of action against his insurance carrier. Whether the plaintiffs might
 
 ultimately
 
 prevail in'the litigation is not the test. The complaint alleges a cause of action which plaintiffs had a right to maintain against Coaty and his insurance carrier or against either. Such cause of action existed on the 21st day of June, 1943, the date on which this action was begun. That date was within the two-year period from the date of the accident. Further discussion seems unnecessary.
 

 The defendant-appellant Continental Casualty Company made no objection to respondent’s motion for summary judgment. It states in its brief:
 

 ‘[This separate appellant believes that the judgment of the trial court should be affirmed, and the only reason this separate appellant has taken a separate appeal is to preserve its cause of action for contribution in the event that the judgment of the trial court should be reversed.”
 

 By the Court.
 
 — Judgment reversed. Cause remanded for further proceedings according to law.