FEHR, Appellant, vs. GENERAL ACCIDENT FIRE & LIFE ASSURANCE CORPORATION, LTD., Respondent.

*November 14—December 19, 1944.*

For the appellant there were briefs by *Lecher, Michael, Spohn & Best,* attorneys, and *Thomas S. Stone* of counsel, all of Milwaukee, and oral argument by *Mr. Stone.*

For the respondent there was a brief by *Lines, Spooner & Quarles,* attorneys, and *Charles B. Quarles* of counsel, all of Milwaukee, and oral argument by *Charles B. Quarles.*

BARLOW, J.  Three questions are presented upon this appeal: (1) Under the laws of this state may a husband maintain an action against his wife for injuries to his person proximately caused by the negligent operation of an automobile by the wife?  (2) May a husband maintain an action against his wife's insurer when such action is based on the tort committed by the wife? and (3) Is a summary judgment proper in this case?

The questions presented will be considered in the above order.  At the common law husband and wife are regarded as one.  They cannot enter into contracts with each other, nor are they liable for torts committed by one against the other.  Wisconsin adopted the common law of England, not inconsistent with our constitution, until altered or suspended by the legislature.  Sec. 13, art. XIV, Wis. Const. We must, therefore, find authority in the statutes if plaintiff is to prevail.

Nearly every state in the union, including Wisconsin, has adopted legislation enlarging the rights of married women, but there is no uniformity in the rights which have been granted nor the language used in granting such rights. With this true we are unable to obtain much assistance by examining the decisions of other jurisdictions.  The Wisconsin statutes involved are secs. 246.07 and 6.015.  Sec. 246.07 provides:

"Every married woman may sue in her own name and shall have all the remedies of an unmarried woman in regard to her separate property or business and to recover the earnings secured to her by sections 246.05 and 246.06, and shall be liable to be sued in respect to her separate property or business, and judgment may be rendered against her and be enforced against her and her separate property in all respects

as if she were unmarried. And any married woman may bring and maintain an action in her own name for any injury to her person or character the same as if she were sole. She may also bring and maintain an action in her own name, and for her own benefit, for the alienation and the loss of the affection and society of her husband. . . ."

Sec. 6.015 (1), Stats., provides:

"(1) Women shall have the same rights and privileges under the law as men in the exercise of suffrage, freedom of contract, choice of residence for voting purposes, jury service, holding office, holding and conveying property, care and custody of children, and in all other respects. . . ."

The history of the origin of these statutes and the enlargement by amendments is fully set forth in *Wait v. Pierce* (1926), 191 Wis. 202, 209 N. W. 475, 210 N. W. 822, and no useful purpose would be served in a restatement. Appellant strongly urges that secs. 6.015 and 246.07, Stats., as construed in *Wait v. Pierce, supra,* and *Dovi v. Dovi* (1944), 245 Wis. 50, 13 N. W. (2d) 585, have destroyed what he chooses to term "the legal fiction of unity" of husband and wife, and placed the husband and wife on a basis of complete equality before the law in every respect. We fail to find such language in the statutes, and certainly hesitate about legislating by inference. The statutes in question were passed to enlarge the rights and privileges of married women and not to create and enlarge liabilities except as specifically provided.

It is argued that when this court held in *Wait v. Pierce, supra,* that the statutes in question granted the wife the right to recover from the husband for injuries to her person proximately caused by the negligence of the husband, it necessarily follows that the wife has no superior right to that possessed by her husband, and that by inference at least it was said the husband has this same right. We are unable to agree with appellant's contention. The question of the right of the

husband to sue in an action of this kind was not before the court in *Wait v. Pierce, supra.* The statutes in question were passed for the specific purpose of establishing the rights and privileges of a married woman. We are unable to find where the legislature changed the common law and enlarged the liability of the wife for damages to her husband caused by her negligence, and this is especially true where it has no reference to her separate property or business, which is not claimed in this action. Whether the plaintiff could recover if this injury had been caused in the regular course of business of plaintiff's wife is not before the court, and therefore not decided. That the legislature did not intend to grant to a married woman all remedies of an unmarried woman was determined in *Singer v. Singer* (1944), 245 Wis. 191, 14 N. W. (2d) 43, where it was held that the actions which she could commence against her husband were limited by statute, and that the right to join him as a party defendant with others in a conspiracy action was not included.

Conceding that the legislature has the power to authorize the husband to bring actions against his wife for injuries to his person as though they were strangers, it would have been easy to express that intent in terms that are clear and leave no doubt. It must be presumed that the legislators were not unmindful of the radical changes in the policy of centuries which such legislation would bring about. It is interesting to note that *Wait v. Pierce, supra,* was decided in 1926, and the question here involved has not been raised over that period of years. While this in no way determines the intention of the legislature, it has had ample time to clarify its intent if it desired to create this liability on the part of married women. While the precise question is not raised in *Singer v. Singer, supra,* the following language there used is approved (p. 197) :

"However, there is no provision in our statutes which authorizes a husband to maintain an action for a wrong done

him by his wife. In that respect her rights are superior to his. It is to be noted that while sec. 246.07, Stats., authorizes a married woman to maintain an action for any injury done her person or character, the same as if she were sole, and therefore authorizes her to maintain such an action against her husband as was held in *Wait v. Pierce, supra,* the statute does not say that she may be sued the same as if she were sole."

Appellant contends that even though a husband cannot sue his wife, he can maintain this action against the insurer on the theory that a cause of action exists against his wife which he is unable to enforce by reason of his disability to sue at law.. *Elliott v. Indemnity Ins. Co.* (1930) 201 Wis. 445, 230 N. W. 87, is relied upon which holds that sec. 85.93, Stats., makes the insurance company directly liable to the injured person. But this does not make an insurance company liable where there is no liability under the policy. The policy in question is what is commonly known as a liability or indemnity policy, and is a matter of contract. The insured did not contract with her insurer to assume liability where there is no liability on her part, and we do not find where the statutes have imposed this liability upon the insurer. The liability of the insurer is contained in the policy in the following language:

"*Coverage A—Bodily injury liability.* To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages, including damages for the care and loss of services, because of bodily injury, including death at any time resulting therefrom, sustained by any person or persons, caused by accident and arising out of the ownership, maintenance or use of the automobile."

The fact that she entered into this insurance contract creates a liability only by virtue of the contract which she entered into, and this is a contract of indemnity only. In *Segall v. Ohio Casualty Co.* (1937) 224 Wis. 379, 272 N. W. 665,

it was held that the parents' insurer was not liable for personal injuries caused by the negligence of the parent. The reason why recovery against the insurance company was denied was that no liability existed at all. Here it is considered there is no liability on the part of the wife. No action can be maintained; therefore there is no liability. It follows that there is no liability on the part of the insurer. *Hunt v. Dollar* (1937), 224 Wis. 48, 271 N. W. 405; *Stransky v. Kousek* (1929), 199 Wis. 59, 225 N. W. 401; *Bachhuber v. Boosalis* (1930), 200 Wis. 574, 229 N. W. 117; *Bernard v. Wisconsin'Automobile Ins. Co.* (1933) 210 Wis. 133, 245 N. W. 200.

The motion for summary judgment is supported by one affidavit reciting that Maud Fehr, referred to in the complaint, who was the driver of the automobile at the time appellant sustained personal injuries for which this action is brought, "was at said time and still is the wife of the plaintiff," and then further recites that affiant believes this action has no merit. This complies with sec. 270.635 (2), Stats. We do not understand that *Fuller v. General A. F. & L. Assur. Corp.* (1937) 224 Wis. 603, 272 N. W. 839, requires the affidavit of at least two persons. In that case the supporting affidavit merely set forth "that all allegations of fact contained in said answer are true." The affidavit did not claim there was no defense to the action nor that the action had no merit, and therefore did not comply with the statute. It is argued that summary-judgment procedure is not to supplant demurrer or motion to make pleadings more definite and certain. *McLoughlin v. Malnar* (1941), 237 Wis. 492, 297 N. W. 370. We fail to see how this is applicable. If plaintiff had alleged in his complaint that Maud Fehr, the driver of the automobile which caused the injury, was the wife of plaintiff, defendant could have raised the question in issue by demurrer, but there was no such allegation. The fact that defendant alleged this fact in its answer does not deprive it of the right to move for summary judgment, as all allega-

tions in the answer are taken as denied by the plaintiff, and the only way the question could be squarely raised before the court was by affidavit in support of a motion for summary judgment. Plaintiff, in his reply affidavit, admits the important fact upon which the issue is based. It is considered that the statute providing for summary judgment has been complied with and that it was properly a matter for summary judgment.

*By the Court.*—Judgment affirmed.