Terrence SORAGHAN, Plaintiff,

v.

**HENLOPEN ACRES, INCORPORATED,**
a Delaware corporation and W. S.
Corkran, Defendants.

Civ. A. No. 2299.

United States District Court
D. Delaware.

Dec. 22, 1964.

Victor F. Battaglia, of Theisen & Lank, Wilmington, Del., for plaintiff.

James M. Tunnell, Jr., and Richard H. Allen, of Morris, Nichols, Arsht & Tunnell, Wilmington, Del., for defendants.

WRIGHT, Chief Judge.

This is a motion for summary judgment in an action brought against W. S. Corkran (Corkran) and Henlopen Acres, Inc. (Henlopen), for damages resulting from an alleged libel committed by Corkran while he was president of Henlopen. The grounds for the motion spring from Corkran's death in February, 1962 after commencement of the action. Henlopen claims that the action has abated as against Corkran under the doctrine *actio personalis moritur cum persona* and the action must abate as against Henlopen, as well, because its alleged liability is premised on the doctrine of *respondeat superior* for the tort committed by its agent. Since Corkran can no longer be held liable, Henlopen argues that the action against it must also abate.

In addition, defendant seeks a partial summary judgment to the effect Henlopen is not liable for punitive damages even if this court should find that Soraghan's action has not abated as to it.

It is unnecessary to relate the facts of this rather interesting case at this point. The court expresses no opinion on the merits of plaintiff's claim. The

motion for summary judgment can be considered *in vacuo*.

◼ At common law a defamation action abated upon the death of the defendant. This is the law at present in Delaware. 10 Delaware Code § 3701 provides:

> "All causes of action, *except action for defamation,* malicious prosecution, or upon penal statutes, shall survive to and against the executors or administrators of the person to, or against whom, the cause of action accrued." (Emphasis supplied.)

◼ It is plain that the cause of action against Corkran abated with his death. However, a corporation is liable as a principal for the torts of its agents under the doctrine of *respondeat superior*. This corporate liability exists where the tort charged is libel or slander. 13 Am.Jur. § 1126; Prosser, Law of Torts, § 2.

Defendant maintains, however, that since the action against Corkran has abated, no action against Henlopen remains. To be more precise, defendant says that since Corkran is not liable it cannot be liable.

> "Plaintiff contends that 'assuming *arguendo* that the only theory upon which defendant Henlopen Acres, Inc. can be held liable is *respondeat superior*, death of the agent tortfeasor does not abate the action as to the principal.' (PB 9–12). Defendants do not dispute this contention. However, apparently plaintiff missed the thrust of defendants' argument in their main brief that Henlopen Acres, Inc. should not be held liable, not on the grounds that the action has abated, but because its agent, who purportedly committed the libel, is not liable." (Defendants' Reply Brief, p. 7).

◼ The court fails to see the distinction between abatement and lack of liability which defendant draws in this action. The plaintiff's claim has not been adjudged to be without merit nor has the corporation been adjudged to be without fault. Corkran's death forestalls any judgment of liability against him personally or his estate by reason of his death. But there is no good reason why a corporation should escape liability merely by reason of the decease of its agent. The authorities cited by the defendant deal generally with situations when judgments of acquittal have been rendered against the alleged wrongdoer. These cases can be distinguished since any liability of the principal is extinguished by reason of the acquittal of the wrongdoer. There being no cause of action existing in the first place, neither principal or agent could be liable. This is not the situation here.

In State ex rel. Shell Petroleum Corp. v. Hostetter, 348 Mo. 841, 156 S.W.2d 673, the court laid down in dictum that the "exoneration" of the servant removes the foundation upon which negligence can be imputed to the master. This exoneration has reference to a preceding example in which a judgment is rendered in favor of the servant in an action brought by a third party.

◼ The quotation which defendant cites from 2 Mechem on Agency, 2nd Ed. § 2012 to the effect that " * * * [T]he master cannot be held unless there is a cause of action against the servant * * * " is followed by the words, " * * * and the acquittal of the servant must lead to the discharge of the master also." Certainly the court would not dispute the argument that where Corkran was acquitted of a libel, presumably on the grounds that he had committed none, his corporation could not be liable. Corporations can only act through their agents and where the agent has not committed a tort, the corporation cannot commit one.[1] But the situation is quite different where by death or by operation

---

1. This, of course, does not include the situations where an agent is held free from liability for a tort not because no tort has been committed but because due to some relationship with the plaintiff the defendant—agent cannot be held.

of law an action against the corporation's agent has abated. This is not the same as a judgment on the merits and should not bar the plaintiff from getting such a judgment against the corporation.

One case which defendant cites is concerned with abatement. In Wiechmann v. Huber, 211 Wis. 333, 248 N.W. 112, the court held that a plaintiff had no cause of action against an insurance company where she could not have sued the insured because his own death caused the action for wrongful death of plaintiff's decedent to abate. In the following year, however, the doctrine of that case was changed by statute. See Hegel v. George, 218 Wis. 327, 259 N.W. 862, 261 N.W. 14.

Even had the rule not been changed in Wisconsin, the Wiechmann case would not support defendant's position. In that case the action was held to have abated because there was no cause of action in existence against the insured when the action was commenced due to insured's death prior to commencement. In the present case, the cause of action against Corkran was in existence when the action was commenced and abated later due to Corkran's death. Under similar circumstances, the Wisconsin court held that an action could be maintained against an insurance company although a cause of action against the insured had abated *after* commencement of the action. See Kujawa v. American Indemnity Co., 245 Wis. 361, 14 N.W.2d 31, 151 A.L.R. 1133.

The better rule would appear to be that the death of an agent tortfeasor does not cause an action against the corporation for which he acts to abate. Once he has acted, if he has acted in the corporation's behalf, any stigma which arises due to his act immediately attaches to the corporation. The subsequent death of the agent tortfeasor does not alter this. A holding of the Georgia Supreme Court is analogous. In Rogers v. Carmichael, 184 Ga. 496, 192 S.E. 39, a partnership was held liable for the tort of one of the partners although he had died in the crash which gave rise to the cause of action. The court said (p. 47):

"It appears in the instant case that the partner who actually committed the tort died before the action was brought. Whether or not such death abated the cause of action as related to individual liability of this partner or his estate, it would not affect the liability of the partnership or of the other partner, and the petition does not seek a recovery upon individual liability of the deceased member. Whether or not the petition should be construed as seeking a judgment against the surviving partner as an individual, in addition to a judgment against the partnership, and whether the surviving member of the partnership might, on paying the judgment, if any, have a remedy over against the estate of the deceased member as the actual tort-feasor, or be without such remedy for any reason, are questions which cannot affect the rule as to the liability of a partnership and its members served, if any, to respond in damages to a third person who has been injured by the negligence of the partnership through one of its members. * * * *"

In this case the court finds that the death of Corkran does not cause the action against the corporate defendant, Henlopen, to abate.

The second matter before the court can be dealt with more concisely. Defendant claims that even if it can be held liable for the alleged libel it cannot be made to pay punitive damages since such damages are intended to punish an offender and should not be assessed against a defendant corporation which has not personally participated in the offense. The majority of cases appear to hold to the contrary, allowing punitive damages to be assessed even against one who is vicariously liable. Prosser, Law of Torts, § 2. This view has been followed in Delaware by Judge Duffy in a recent opinion in which contradictory authorities were noted and

Delaware cases were reviewed. See Smallwood v. Diamond Cab Company and Elmer Tatman, Jr., (C.A. No. 394, 1959, unreported). This court sees no reason to depart from the views expressed there.

Motion denied.