**John D. NEWSOM, Jr. for the use and benefit of his minor son, John D. Newsom, III, Appellant,**

v.

**ZURICH INSURANCE COMPANY, Appellee.**

**No. 25594.**

United States Court of Appeals Fifth Circuit.

June 17, 1968.

Patsy Joe McDowell, Arthur Cobb, Baton Rouge, La., for appellant.

Charles W. Franklin, William H. Cooper, Jr., Franklin & Keogh, Baton Rouge, La., for appellee.

Before WISDOM and COLEMAN, Circuit Judges, and BOYLE, District Judge.

PER CURIAM:

Newsom, a citizen of Louisiana, brought this direct action in tort against Zurich, an alien corporation, for damages arising out of an accident between Newsom's son and Zurich's insured, a Louisiana citizen. The district court dismissed the action, relying on 28 U.S.C. § 1332 (c). We affirm.

Section 1332(c), conferring federal court jurisdiction in diversity suits, originally provided only that "For the purposes of this section * * * a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business". Interpreting this section in a suit between a citizen of New York and a British Corporation, the district court in New York held that diversity jurisdiction existed—although the foreign corporation had a principal place of business in New York—since 28 U.S.C. § 1332(c) did not apply to a corporation incorporated in a foreign state. Eisenberg v. Commercial Union Assurance Co., S.D.N.Y.1960, 189 F.Supp. 500. The court reasoned:

> It is to be noted that the statute differentiates between States of the United States and foreign states by the use of a capital S for the word when applied to a State of the United States. Subdivision (c), therefore, in dealing with the *place of incorporation* refers only to a corporation incorporated in a State of the United States. When subdivision (c) goes on to deal with *principal place of business* it refers to the same corporation and thus only to a corporation incorporated in a State of the United States.

This decision has been followed in subsequent cases.[1] But neither *Eisenberg* nor its progeny involved a direct action against an insurer[2] or the application of the 1964 proviso to section 1332(c). The proviso reads:

> *Provided further,* that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business.

The purpose of the 1964 amendment is clear: a "direct action" statute is not to be used as a vehicle to get an insurer into federal court where both the plaintiff and the insured are residents of the

1. See Mazzella v. Pan Oceanica A/S Panama, S.D.N.Y.1964, 232 F.Supp. 29; Chemical Transp. Corp. v. Metropolitan Petro. Corp., S.D.N.Y.1964, 246 F.Supp. 563; Tsakonites v. Transpacific Carriers Corp., S.D.N.Y.1965, 246 F.Supp. 634; Willems v. Barclays Bank D.C.O., S.D. N.Y.1966, 263 F.Supp. 774.

2. Presently, only Louisiana and Wisconsin have "direct action" statutes. See Kujawa v. American Indem. Co., 1944, 245 Wis. 361, 14 N.W.2d 31, 151 A.L.R. 1133; Lumbermen's Mutual Cas. Co. v. Elbert, 1954, 348 U.S. 48, 75 S.Ct. 151, 99 L.Ed. 59.

same state.[3] Congress placed no artificial restraint concerning foreign or alien states with a big *S* or a little *s* in its directions relating to insurers. The proviso applies to "*any* direct action against an *insurer* * * * whether incorporated or unincorporated".

Applying the proviso to section 1332 (c)—according to its literal meaning and legislative history—we conclude that federal diversity jurisdiction does not exist in this case.

Affirmed.

---

**3.** See the legislative history of the 1964 amendment set out in part at 1964 U.S. Code Cong. & Admin.News, 88th Congr., 2d Sess., p. 2778. See also 110 Congr. Rec. 9033–9038 (daily ed. April 28, 1964).