Wilfredo Menendez **NARVAEZ, by himself and as Administrator of the Conjugal Partnership whose members are himself and Altagracia Lebron, Plaintiffs,**

v.

**The BRITISH AMERICAN INSURANCE COMPANY, Defendant.**

Civ. No. 468–70.

United States District Court,
D. Puerto Rico.

Feb. 24, 1971.

---

Oscar Blasini and Elias E. Segarra, Santurce, P. R., for plaintiffs.

Amancio Arias Cestero, San Juan, P. R., for defendant.

## ORDER

TOLEDO, District Judge.

This is a direct action in tort between plaintiffs, residents of the Commonwealth of Puerto Rico, and The British America Assurance Company, a corporation organized under the laws of the province of Ontario, Canada. The original complaint filed on June 22, 1970, invoked the jurisdiction of the court under 48 U.S.C. § 863. Defendant filed a motion to dismiss alleging that such jurisdiction was repealed by an Act of Congress.

On December 7, 1970, plaintiffs filed a "Motion for Admission of Amended Complaint" and included an "Amended Complaint" dated October 19, 1970, in which the jurisdiction of this court is invoked on 48 U.S.C. § 863 and/or 28 U.S.C. § 1332.

The motion to dismiss came to be heard on January 8, 1971. Having being fully advised in the premises through memoranda filed by the parties, the Court now holds that it has no jurisdiction on either 48 U.S.C. § 863 or 28 U.S.C. § 1332.

The jurisdiction of the Federal Court for the District of Puerto Rico under 48 U.S.C. § 863 was repealed by Public Law 91–272 of the 91st Congress of the United States. Although by Public Law 91–450, the 91st Congress amended Public Law 91–272 so as to enable this Court to "hear and determine any action or matter begun in the court *on or before June 2, 1970*", there is no jurisdiction in this case since the action *was originally filed on June 22, 1970*, that is, 20 days after jurisdiction under the invoked statute was repealed.

The action cannot be maintained under 28 U.S.C. § 1332 since the addition in 1964 of a proviso to Section 1332(c) precludes the use of a "direct action" statute to bring an insurer to the jurisdiction of the Federal Court when both, the insured and the plaintiff are citi-

zens of the same state. The proviso states:

"Provided further, That in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business."

In Newsom v. Zurich Insurance Company, 397 F.2d 280, where *Newsom*, a Louisiana citizen brought a direct action against Zurich, an alien insurance company, the Court of Appeals for the Fifth Circuit affirmed the dismissal of the action by the District Court applying the proviso to Section 1332(c). The Circuit Court found that the often cited cases of Eisenberg v. Commercial Union Assurance Company (Southern District Court of New York, 1960) 189 F.Supp. 500, Mazzella v. Pan Oceanica A/S Panama (Southern District Court of N.Y. 1964) 232 F.Supp. 29 and Chemical Transp. Corp. v. Metropolitan Petr. Corp. (Southern District Court N.Y. 1964), 246 F.Supp. 563, were unapplicable to a direct action where both plaintiff and defendant's insured are citizens of the same state.

The purpose of the proviso to Section 1332(c) as evidenced by the congressional intention is consistent with our decision:

"The purpose of the proposed legislation is to amend Section 1332(c) of Title 28, United States Code, so as to eliminate under the diversity jurisdiction of the U.S. district courts, suits on certain tort claims in which both parties are local residents, but which under a State "direct action" statute, may be brought directly against a foreign insurance carrier without joining the local tort-feasor as a defendant". (U.S. Code Congressional and Administrative News 88th Congress, Second Session 1964, page 2778).

The proviso prevents the use of the federal jurisdiction in a case such as this, where a foreign insurance company is involved, but its insured, as well as the plaintiffs are citizens of Puerto Rico. The language of the proviso does not warrant a distinction between states and foreign or alien insurers.

It is hereby ordered and adjudged, that the motion to dismiss be, and the same is hereby granted with prejudice to plaintiff's rights to proceed further in this action.