Kerstin V. **JOHANSSON**

v.

Clayton T. **NUNEZ, ABC Insurance Company, Sheriff of Cameron Parish, and XYZ Insurance Company.**

Civ. A. No. 790191.

United States District Court,
W. D. Louisiana,
Lake Charles Division.

July 27, 1979.

G. Michael Bourgeois, Camp, Carmouche, Palmer, Barsh & Hunter, Lake Charles, La., for plaintiff.

Robert W. Clements, Stockwell, Sievert, Viccellio, Clements & Shaddock, Lake Charles, La., for defendant.

VERON, District Judge:

## RULING ON MOTION TO DISMISS FOR LACK OF JURISDICTION

Kerstin V. Johansson, a citizen of Sweden, brought this direct action in tort against Reliance Insurance Company, for damages arising out of an automobile accident in Cameron, Louisiana. Reliance Insurance Company is the insurer of Eva Marian Johansson, plaintiff's sister, who is also a citizen of Sweden.

Title 28 U.S.C.A. Section 1332(c) provides in pertinent part:

. . . Provided further, That in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business.

Where the plaintiff and defendant are both aliens, diversity jurisdiction is not present. See Joseph Muller Corporation v. Societe Anonyme de Gerance, 451 F.2d 727 cert. denied 406 U.S. 906, 92 S.Ct. 1609, 31 L.Ed.2d 816.

The plaintiff contends that § 1332(c) does not apply to a foreign state.

It is to be noted that whenever a state of the United States is referred to in the statute, the capital "S" is used. In any place where a foreign state is referred to, a lower case "s" is used for "state" and a lower case "f" is used for "foreign." In that portion of the statute referring to direct action statutes, the "S" in "State", within the provisions of 28 U.S.C. 1332(c) are all capital "S's". Thus, congress, legislating 28 U.S.C. 1332(c), sought to compel insurance companies to assume the insured's American state domicile for diversity-of-citizenship purposes.

(Plaintiff's brief at 3).

We find this argument unpersuasive. In the case of Newsom v. Zurich Insurance Company, 397 F.2d 280 (5th Cir. 1968), the court held that "Congress placed no artificial restraint concerning foreign or alien states with a big "S" or a little "s" in its directions relating to insurers."

For these reasons we GRANT the motion to dismiss filed by Reliance Insurance Company.