**Matthew WEIL on Behalf of Elliot WEIL,**

v.

**BROWNING ARMS CO., INC., et al.**

**Civil Action No. 98–218–A.**

United States District Court, M.D. Louisiana.

June 15, 1998.

Franklin G. Shaw, Leger & Mestayer, New Orleans, LA, Charles Spencer Long, Glynn Andrew Long, Jr., Long & Long, Donaldsonville, LA, for Plaintiff.

Patrick A. Juneau, Jr., The Juneau Law Firm, Lafayette, LA, for Defendants.

## RULING ON SUBJECT MATTER JURISDICTION

JOHN V. PARKER, Chief Judge.

This matter is before the court in response to a notice to counsel issued by the court on May 14, 1998, in which the court *sua sponte* questioned subject matter jurisdiction of the court (Doc. 6).

On or about February 9, 1998, Matthew Weil, who is a citizen of the state of Louisiana and who is the paternal uncle of the minor Elliot Weil, who is also a citizen of Louisiana, filed suit in the Twenty-third Judicial District Court for the Parish of Ascension, State of Louisiana. The suit seeks personal injuries allegedly sustained by the minor child when a shotgun accidentally discharged. Browning Arms Company, a Utah corporation with its principal place of business in the state of Utah, the manufacturer of the shotgun, is named as a defendant. Also named as a defendants are Eric Weil, the father of the injured minor, who is a citizen of Louisiana, and Hanover Insurance

Company, a Massachusetts corporation with its principal place of business in the state of Massachusetts. Hanover has allegedly issued a policy of liability insurance to Eric Weil which provides coverage for the claims made by plaintiff in this action. Plaintiff alleges in the state court petition that he is the duly appointed and qualified tutor of the minor, who was born on April 21, 1983.

On March 17, 1998, Browning Arms Company, with the consent of Hanover Insurance Company, filed a notice of removal to this court.

Defendant, Browning Arms Company, maintains that the court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. Browning Arms Company argues that La. R.S. 9:571 [1] unambiguously prohibits a child, who is not emancipated, from suing his parents. Consequently, Browning Arms Company argues that Eric Weil has been "fraudulently joined" as a defendant in this action and that his citizenship is disregarded and thus does not defeat diversity jurisdiction in this case.

In addition, Browning Arms Company argues that plaintiff may not avail himself of the exception in 28 U.S.C. § 1332(c)(1),[2] which provides that, in any direct action against the insurer on a policy of liability insurance to which the insured is not joined, the insurer shall be deemed to be a citizen of the state where the insured is a citizen. Browning Arms Company argues that, in this case, Eric Weil has been sued and therefore joined, although improperly so. Browning Arms Company also suggests that plaintiff should not be permitted to avoid the subject matter jurisdiction of the court by "fraudulently" joining the father of the minor in the suit and then simultaneously arguing that the insurer of the father should be afforded the benefit of claiming citizenship.

■ Plaintiff agrees that La. R.S. 9:571 prohibits an unemancipated minor from suing his parents, and concedes that the claims against the father cannot be maintained. Plaintiff argues that, once the claims against Eric Weil are disregarded, his citizenship is attributable to Hanover Insurance Company and diversity jurisdiction is destroyed. Thus, plaintiff urges the court to remand this action.

■ When a plaintiff challenges the propriety of a defendant's removal, the defendant carries the burden of showing the necessary facts to support the court's exercise of removal jurisdiction.[3] Any doubts about the propriety of removal are construed in favor of remand.[4]

■ To establish "fraudulent joinder", the removing defendant must show that there is no possibility that plaintiff could establish a cause of action against the non-diverse defendant in state court.[5] The court must evaluate all of the factual allegations of the state court petition in the light most favorable to plaintiff.[6] The court may "pierce" the pleadings and consider summary judgment-type evidence but all disputed questions of fact and all ambiguities in the controlling state law must be resolved in favor of plaintiff.[7]

---

**1.** La. R.S. 9:571 provides:
The child who is not emancipated cannot sue:
    (1) Either parent during the continuance of their marriage, when the parents are not judicially separated; or
    (2) The parent who is entitled to his custody and control, when the marriage of the parents is dissolved, or the parents are judicially separated.

**2.** 28 U.S.C. § 1332(c) provides, in pertinent part:
For the purposes of this section and section 1441 of this title—
    (1) . . . in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business; . . .

**3.** See *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir.1993); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir.1988); *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 190, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936).

**4.** *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979).

**5.** *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir.1981).

**6.** Id.

**7.** *Burden v. General Dynamics Corp.*, 60 F.3d 213 (5th Cir.1995).

Here plaintiff and one of the named defendants are not diverse in citizenship. Under the jurisprudence, the citizenship of that defendant may be disregarded if his joinder was "fraudulent," i.e. designed to prevent federal subject matter jurisdiction.[8] Thus Browning Arms Company argues that diversity jurisdiction exists.

That position, however, does not take into account 28 U.S.C. § 1332(c)(1) *supra*, note 2., which provides that where an insured is not joined in a direct action the insurer shall be deemed a citizen of the same state as the insured. Here, had Eric Weil not been named as a party defendant in the state court proceeding, there is no doubt that § 1332(c)(1) would prevent federal jurisdiction. His futile joinder, whatever its purpose, could not have been to defeat federal jurisdiction, since simply not joining him would prevent federal jurisdiction. The purpose of the 1964 amendment to § 1332 was to prevent the use of a state direct action statute as a vehicle to get an insurer into federal court where both the plaintiff and the insured are citizens of the same state.[9]

That is the precise situation that is before the court. A citizen of Louisiana is attempting to sue another citizen of Louisiana and his insurer. If plaintiff asserts an arguably good claim against the non-diverse citizen, there is no federal jurisdiction. If plaintiff sues only the liability insurer of the non-diverse citizen, there is no federal jurisdiction.

The court concludes that the Congressional purpose is better served by treating this as a situation where the insured had not been joined at all; hence the insurer is deemed to be a citizen of the same state as the insured under Section 1332(c)(1). Therefore, there is not complete diversity. Any other result would allow Browning Arms Company, in the same analysis, to avail itself of the citizenship of Eric Weil in one breath and to disregard it in another. Here the insured has been deemed a nonparty. The court lacks subject matter jurisdiction in this action.

Accordingly, for the reasons assigned, this action is hereby REMANDED to the Twen-ty-third Judicial District Court, Parish of Ascension, State of Louisiana.

---

8. *Chevron U.S.A., Inc. v. Aguillard*, 496 F.Supp. 1038 (M.D.La.1980).

9. *Newsom v. Zurich, Ins. Co.*, 397 F.2d 280 (5th Cir.1968).