IN RE ADMISSION OF CERTAIN PERSONS TO THE BAR OF THE STATE OF WISCONSIN.

*April 19, 1933.*

PER CURIAM.   Prior to the enactment of ch. 60 of the Laws of 1933, admission to the bar might be gained in one of three ways: (1st) By virtue of a diploma issued to any resident graduate of the Law Department of the University of Wisconsin upon presentation of his diploma; (2d) Any person of good moral character and otherwise qualified, who produces a certificate of the State Bar Commissioners; and (3d) Any person of full age who has practiced five years in the last eight years in the courts of a sister state.

Sec. 2 of ch. 60 of the Laws of 1933, published April 7, 1933, provides:

"Subsection (1) of section 256.28 of the statutes is amended to read: (256.28) (1) Any resident graduate of

any law school in this state which law school was or is at the time of his graduation approved by the council of legal education and admission to the bar of the American Bar Association, as shown by the records of the clerk of the supreme court, shall be admitted to practice in all the courts of this state by the supreme court upon the production of his diploma, although such diploma may have been issued prior to the passage of this act, and may be so admitted when such court is not in session, by one of the justices thereof upon the production of his diploma so issued as aforesaid, by an order signed by such justice and filed with the clerk of said court."

By its terms this section does two things : (1) extends the right or privilege of admission to the bar upon presentation of a diploma to the graduates of all law schools within the state which are approved by the council of legal education and admission to the bar of the American Bar Association; and (2) requires the court to admit to practice all those persons who may present a diploma from such a school although the diploma may have been issued prior to the passage of the act. It is manifest that those persons who fall within the second class constitute a closed group. It may neither be enlarged nor diminished. In legal effect the statute would have been the same if it had provided that certain persons, naming them, should be admitted to the bar upon production of a diploma as provided in the act.

We have recently had occasion to consider at length the relative powers of the legislative and judicial departments of government with respect to the admission of persons to the practice of law. *In re Cannon,* 206 Wis. 374, 240 N. W. 441. In that case the whole matter was given thorough and exhaustive consideration. The principles of law there laid down have been recently approved by the court of appeals of the state of New York in *People ex rel. Karlin v. Culkin,* 248 N. Y. 465, 162 N. E. 487, by the supreme court of the state of Illinois in *People v. People's Stock Yards State Bank,*

344 Ill. 462, 176 N. E. 901, and by the supreme judicial court of the commonwealth of Massachusetts in *Opinion of the Justices,* 279 Mass. 607, 180 N. E. 725. We shall not discuss or restate them here.

In the application of these principles of law to the present situation the following state of facts confronts us: persons comprising this group have been out of law school for a period varying from one to six years; a considerable part, if not all of them, have taken the examinations conducted by the State Bar Commissioners and have been found to be not qualified according to the standards set up by the State Bar Commissioners; it does not appear that the legislature made or caused to be made any investigation as to present qualifications or fitness of the persons constituting this group.

As it was enacted, the section, if literally complied with, would require the court to admit to the practice of the law every person possessing a diploma of the kind specified even though since his graduation he had been convicted of a felony. The section makes no exceptions nor qualifications. As it was enacted, the section taken in a literal sense is, as to those who were members of the closed class or group, a clear violation of the constitutional principles discussed and laid down in the *Cannon Case.*

With respect to those persons who graduate hereafter from a law school having the statutory qualifications, we may properly presume that their diplomas evidence a sufficient degree of qualifications to entitle them to admission to the bar. That presumption arises from the fact that it is the business of these institutions to train candidates for the practice of the law and to that end they have learned faculties and maintain the standards requisite to merit the approval of the council of legal education and admission to the bar of the American Bar Association. It may also be presumed that such institutions, knowing that their graduates may be admitted to the bar upon presentation of a diploma therefrom,

will, in the discharge of their duty to the public, assure themselves that all persons so graduated have the requisite moral fitness to warrant their admission to the bar.

With respect to those who have heretofore graduated the situation is very different. It may be presumed that at the time of their graduation those who have already received their diplomas were qualified both as to fitness and character. With respect to their fitness, however, the presumption now fails because of the fact that their qualifications have been found insufficient by a legally constituted tribunal, the State Bar Commissioners. The institutions from which such persons graduated cannot be held responsible or in any way accountable for the conduct of their graduates beyond the time of graduation. Six years may and often do work great changes in the lives and character of college graduates. A literal compliance with the act would require the court to admit every member of the group willy-nilly although their present fitness has not been certified by a law school, the legislature, the State Bar Commissioners, or any other legally constituted authority. The act at best makes the diploma when it was issued *prima facie* evidence of fitness and qualifications. It does not attempt to cover the intervening period.

After the thorough discussion and enunciation of the principles of constitutional law applicable to this matter which were embodied in the decision in the *Cannon Case,* the hope might have been indulged that future controversy between the two co-ordinate branches of the government with respect to admissions to the bar could be avoided. We do not and shall not assume that the legislature intended, by the enactment of ch. 60 of the Laws of 1933, to go beyond its constitutional powers. The court is not disposed to be contentious in regard to this matter and we shall therefore yield obedience to the legislative mandate so far as that is consistent with the performance of our judicial duty. We shall therefore construe the act as a declaration by the legis-

lature that in the opinion of the legislature the persons now possessing diplomas from such law schools as are described in the act were possessed at the time of their graduation of the necessary minimum qualifications to entitle them to admission to the bar. The presumption of qualifications arising from their possession of a diploma having been *prima facie* overcome either by examination by the State Bar Commissioners or by the lapse of time, a discharge of our constitutional duty requires us to make such inquiry with respect to the persons so circumstanced as shall be necessary to satisfy us that at the time such persons may apply for admission to the bar they are possessed of such qualifications and moral fitness as warrant their admission.

It may not be inappropriate to say that the situation which exists with regard to those who have already received their diplomas will not obtain with reference to future graduates. In their case the presumption which will arise upon the granting of their diplomas will be unimpaired when they apply for admission.

In order to put into effect the valid applicable provisions of the act with respect to those who have already received their diplomas, the court has, after careful consideration, adopted the procedure prescribed in the following order:

*It is ordered*: That all persons who have already received their diplomas and are seeking admission to the bar pursuant to the provisions of ch. 60 of the Laws of 1933 shall, on or before the first day of September, 1933, file with the clerk of the supreme court an application in accordance with the form hereto annexed; that upon the filing of such application and accompanying documents the same shall be examined and such further investigation if any as may be deemed necessary shall be made. In each case such disposition of the application shall be made as the matter disclosed in the application and investigation may warrant. In any case such other and further information may be required of the applicant as shall be deemed necessary, or the matter may be referred to

the State Bar Commissioners for further investigation. Such applications shall be taken up in the order in which they are received and shall be disposed of as soon and as rapidly as is consistent with the discharge of its regular duties by the court.

Dated April 19, 1933.

*Application for Admission to the Bar of Wisconsin.*

To the Supreme Court:

I hereby make application for admission to the bar of Wisconsin pursuant to the provisions of section 2, chapter 60, of the Laws of 1933, upon my diploma which was issued prior to the passage of that act.

My full name is...........................................
I was born on the .... day of ................, 19.., at.........
...................................
I am a citizen of the United States.
My present actual address is...................................
        ,No.       Street
...............................................
   City     State
My postoffice address is........................................
        No.      Street
...............................................
   City     State
Prior to my graduation, I resided at.........  ................
        No.      Street
...............................................
   City     State
My residence since my graduation from Law School has been as follows:

From ............ to ............  ...........................
        No.      Street
...............................................
   City     State
From ............ to ............  ...........................
        No.      Street
...............................................
   City     State
From ............ to ............  ...........................
        No.      Street
...............................................
   City     State
From ............ to ............  ...........................
        No.      Street
...............................................
   City     State
(If you resided at a boarding house, rooming house, or hotel, give the name of the person with whom you lived.)

My occupation since graduation has been:

................................................................
................................................................
................................................................
................................................................
................................................................
................................................................
................................................................
................................................................

(Give name, address and business of each employer, with period of service, when it began and ended.)

I am a graduate of.....................Law School, Class of 19..
I have never been convicted of any offense under the laws of the
    State of Wisconsin or of any other state or of the United States.
I had ........ years college work previous to entering Law School.
I took the bar examination in the State of Wisconsin as follows:

................................................................
................................................................
................................................................

(Give date of each examination.)

If you applied for admission to the bar in any other state, please
give name of state, date of application, and result:

................................................................
................................................................
................................................................

I present herewith:
    (1) My diploma from the Law School of...................
................................................................
    (2) A certificate signed by the Registrar giving the grades
received by me in said Law School in each subject pursued.
    (3) Letters of recommendation from two members of the bar
in good standing, who are personally acquainted with me and who
recommend me both as to fitness and moral character.
    Dated..........................., 1933.
                    (Signed) ...............................

STATE OF WISCONSIN,⎱ ss
  County of ........⎰

.................... ................, being first duly sworn,
says that he is the applicant above named; that the statements
contained in the foregoing application are true to his own knowl-
edge.
                    (Signed) ...............................
Subscribed and sworn to before me this .... day of ...., 1933.

                    ...............................
                    Notary Public.