638

Marcelino A. SUMAIT, Plaintiff,

v.

CAPITAL FIRE AND CASUALTY CO.,
a corporation, Defendant.

Civ. No. 93-58.

District Court of Guam.

Nov. 10, 1960.

W. Scott Barrett and Walter S. Ferenz, of Turner, Barrett & Ferenz, Agana, Guam, for plaintiff.

E. R. Crain, Agana, Guam, for defendant.

GILMARTIN, District Judge.

This is a civil action brought by Marcelino A. Sumait to recover of Capital Casualty Company the amount of a judgment rendered by this Court, in Civil Case Number 1-58, in favor of plaintiff herein and against Roy W. Smith. Civil Case Number 1-58 was a civil action for bodily injuries and property damage sustained by plaintiff herein and caused by Smith while the latter was driving an automobile.

The Court's findings are: That the automobile driven by Smith was owned on October 17, 1957, the date of the accident, by Ernest D. Brown; that on October 17, 1957, there was in effect between Brown and defendant herein an automobile liability insurance policy; that the insurance policy went into effect on April 25, 1957, and so continued until April 25, 1958; that the policy states. that defendant herein agreed "to pay on behalf of the insured" the amount of bodily injury and property damage liabilities incurred; that the policy contains the following language:

"III Definition of Insured:

"(a) With respect to the insurance for bodily injury liability and for property damage liability the unqualified word 'insured' includes the named insured and, if the named

insured is an individual, his spouse if a resident of the same household, and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or such spouse or with the permission of either.

"L101A. Military Personnel Endorsement

"In consideration of the premium for which this policy is written, the named assured, by the acceptance of this policy, agrees that:

"1. The first sentence of Insuring Agreement III, Definition of Insured, is eliminated and is hereby replaced by the following:

" 'With respect to the insurance for Bodily Injury Liability and for Property Damage Liability the unqualified word "insured" includes the named insured and any guardian of or person related to the named insured, while driving the automobile, provided the actual use of the automobile is with the permission of the named insured.'

"25. Terms of Policy Conformed to Statute: Terms of this policy which are in conflict with the statutes of the State wherein this policy is issued are hereby amended to conform to such statutes."

### I

Plaintiff attempts to hold defendant liable on the judgment rendered against Smith under the terms of the insurance policy.

■ It is the opinion of this Court that the driver, Smith, was not covered by the policy's terms. The definition of "insured" found in the endorsement quoted above is much more limited than the definition in the sentence it supersedes. The restrictive nature of the language shows an intent to limit coverage to those persons enumerated in the endorsement. The policy, therefore, only covers "the named insured and any guardian of or person related to the named insured." Endorsement L101A, supra. Since it is not contended that Smith is the "named insured" or "any guardian of or person related to the named insured," he is not covered by the terms of the policy.

### II

■ Plaintiff argues that defendant is liable under the insurance contract as a result of Government Code of Guam, § 23504(a):

"Every owner of a motor vehicle is liable and responsible for the death of or injury to person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner, and the negligence of such person shall be imputed to the owner for all purposes of civil damages." Pub. L.No. 48, 4th Leg., 1st Sess. (Aug. 15, 1957).

This is a part of Chapter 6 of Title XXIV, entitled "Imputed Negligence." Pub.L.No. 5–40, 5th Leg., 1st Sess. (July 6, 1959). It will be assumed arguendo that Smith was using the automobile with Brown's permission and that, therefore, Brown, as the owner of the automobile, is himself liable under the statute for the negligence of Smith. The argument would appear to be that if Brown is liable under the code section, the defendant has incurred that liability by operation of the policy.

"A contract may be explained by reference to the circumstances under which it was made * * *." Guam Civil Code (1953), § 1647. On the effective date of the policy, April 25, 1957, Government Code of Guam, § 23504(a) was not in existence. That section did not go into effect until August 15, 1957. The only conclusion to be drawn from this is that the parties to the contract of insurance did not intend that defendant herein should be responsible for any liability of Brown arising through the operation of an imputed negligence statute.

"A contract must be so interpreted as to give effect to the mutual intention of the parties as it existed at the time of contracting, so far as the same is ascertainable * * *."

Guam Civil Code (1953), § 1636.

This Court is of the opinion that the defendant insurance company is not liable under the terms of the policy and endorsements thereon for any liability arising from the imputed negligence statute.

### III

Plaintiff argues further that as the policy provides that

" * * * Terms of this policy which are in conflict with the statutes of the State wherein this policy is issued are hereby amended to conform to such statutes,"

the policy was automatically amended on the effective date of the imputed negligence statute making defendant thereafter responsible for any liability of Brown resulting from imputed negligence.

Use of the present tense, *"are* in conflict" and *"are* hereby amended" (emphasis added), in the insurance contract indicates an intention of the parties that the policy be considered amended to conform only to those conflicting statutes, if any, existing at the time the agreement was entered into.

■ Nevertheless, even assuming that the quoted language provides for the amendment of the policy to conform to conflicting statutes enacted subsequent to the date of contracting, the passage of the imputed negligence statute did not have any such effect. That statute enlarges the potential liability of motor vehicle owners, but it does not purport to affect the liability of insurers under contracts in force at the time of its passage.

From the foregoing it is concluded that judgment should be entered for the defendant. The defendant may prepare a judgment in conformance to this opinion.