Marcelino A. SUMAIT, Appellant,

v.

CAPITAL FIRE & CASUALTY COMPANY, a corporation, Appellee.

No. 17287.

United States Court of Appeals
Ninth Circuit.

Nov. 6, 1961.

Spiegel, Turner, Barrett & Ferenz, San Francisco, Cal., for appellant.

Thomas M. Jenkins, Schofield, Hanson, Bridgett, Marcus & Jenkins, San Francisco, Cal., and E. R. Crain, Agana, Guam, for appellee.

Before BARNES, HAMLIN and JERTBERG, Circuit Judges.

PER CURIAM.

In June 1958 (in Action No. 1–58) appellant sued Roy Smith and Ernest D. Brown for personal injuries arising out of an automobile accident occurring on October 17, 1957, in Guam. Smith was driving an automobile allegedly owned by Brown. Judgment was recovered against Smith, but the action was dismissed as to Brown, as there was no proof who owned the automobile.

Appellant later filed this suit (Action No. 93–58) against the defendant insurance company insuring Brown. The company, among other defenses, claimed it was not liable because there existed under its policy no right of direct action against the company until the *amount* of the insured's liability had been established.

Condition 7 of the policy provides:

"7. Action Against Company—

"Coverages A and B: No action shall be against the company * * * until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant, and the company."

No attempt by appellant has been made in this action to bring himself within either one of the two possible methods of establishing "the amount of the insured's obligation," i. e., either by final judgment or proof of a written agreement. There being a failure of proof on this vital issue, there can be no recovery.

Appellant urges that he has a right to institute a direct action against the insurance company. He does have that right, "within the terms and limits of the policy." Suing on the policy, he must bring himself within its terms. This he has failed to do.

We need not go into the other aspects of the case, which were sufficient, in the trial court's opinion, to defeat recovery. (Sumait v. Capital Fire and Casualty Co., 1960, 188 F.Supp. 638.)

The judgment is affirmed.