John V. KELLY et al., Plaintiffs,

v.

**CAPITAL INSURANCE & SURETY COMPANY, Defendant.**

Civ. No. 6-65.

District Court of Guam.

May 14, 1965.

John M. Webster, Agana, Guam, for plaintiff.

Barrett, Ferenz & Trapp, Agana, Guam, for defendant.

SHRIVER, District Judge.

As the result of a head-on collision on the night of October 24, 1964, Dale S. Jones, Jr., the insured, was killed. Marjorie A. Kelly, the wife of the plaintiff, John V. Kelly, was killed. The plaintiff was seriously injured and the plaintiffs brought action against the defendant, Capital, under the Guam Direct Action Statute. At pretrial the parties stipulated as to the amount of damages to be recovered if Capital is liable, but that the legal question must first be determined as to whether Capital is liable in any event when its insured was killed and the action against him did not survive. The parties submitted briefs on this question.

## SURVIVAL OF ACTION

The Guam Codes were originally adopted from California in 1933, at which time the California courts had held that torts of this kind did not survive the death of the tort-feasor. When Guam took the California Codes it took the construction placed upon such Codes by the California courts, United States v. Johnson, 9 Cir., 181 F.2d 577; McLellan v. Automobile Ins. Co. of Hartford, Conn., 80 F.2d 344 (9 Cir. 1935) was a case which arose in Arizona but so many California cases are cited as to make it abundantly clear that survival did not exist. The plaintiffs herein do not contend to the contrary. It is to be noted, how-

ever, that as early as 1927 the California Supreme Court had occasion to construe a 1919 statute which, in effect, provided that the accident insurance policies should contain a provision that the insolvency or bankruptcy of the person insured shall not release the insurance carrier from the payment of damages for injuries sustained or loss occasioned during the life of such policy. In Malmgren v. Southwestern Automobile Ins. Co., 201 Cal. 29, 255 P. 512, the Court stated

> "It is appellant's contention that no contractual relation is alleged or shown to exist between the injured party and the appellant. The provisions of the statutes, as above quoted, are, as a proposition of law, a part of every policy of indemnity issued by a company or corporation engaged in transacting the kind of indemnity insurance business which appellant was authorized by the law of the state to transact. It was a contractual relation created by statute which inured to the benefit of any and every person who might be negligently injured by the assured as completely as if such injured person had been specifically named in the policy."

## GUAM'S DIRECT ACTION STATUTE

Guam's Direct Action Statute, Sec. 43354 Government Code of Guam, provides

> "On any policy of liability insurance the injured person or his heirs or representatives shall have a right of direct action against the insurer within the terms and limits of the policy, whether or not the policy of insurance sued upon was written or delivered in Guam, and whether or not such policy contains a provision forbidding such direct action, provided that the cause of action arose in Guam. Such action may be brought against the insurer alone, or against both the insured and insurer."

In a different context Capital, through its present attorneys, had occasion to file an appellee's brief in case No. 19,341, Globe Indemnity Company, a corporation v. Capital Insurance & Surety Co., Inc., a corporation, Capital stated

There exists only one judicial construction of such a proviso. Guam's direct-action statute, Guam Gov.Code (1961), § 43354, was adopted from that of Louisiana, La.R.S. (1960), § 22.655. And the Louisiana Supreme Court has held as follows:

"'* * * Plaintiffs sued Mabry's insurance carrier directly as they had a right to do under the provisions of Act No. 55 of 1930. That statute gives the injured party an immediate right of direct action against the insurer of the party responsible for the injuries. The statute expresses the public policy of this State that the insurance policy against liability is not issued primarily for the protection of the insured but for the protection of the public. Frankly the insured is financially irresponsible and the only recourse of a person injured by the negligence of the insured is against his insurance carrier. But rarely has the injured party knowledge as to who may be the insurer of the party responsible for his injuries. It is therefore not within his power to give a notice as required by the policy and the enforcement of a policy provision requiring notice to be given by the insured automatically and without any action on his part deprives him of the right of action granted by law. It is not desirable that he be divested of such action and that result should not obtain except in a very clear case. This is not such a case. By maintaining plaintiff's action the defendant company is not deprived of any substantial right. Its liability remains contingent and is dependent upon proof of the negligence of Stahl, the driver of the automobile.'" Davies v. Consolidated Underwriters, 6 So.2d 351 (Sup.Ct.La.1942).

This contention accords with Watson et ux. v. Employers Liability Assurance Corporation, Ltd., et al., 348 U.S. 66, 75 S.Ct. 166, 99 L.Ed. 74; wherein it is stated

"Louisiana's direct action statute is not a mere intermeddling in affairs beyond her boundaries which are no concern of hers. Persons injured or killed in Louisiana are most likely to be Louisiana residents, and even if not, Louisiana may have to care for them. Serious injuries may require treatment in Louisiana homes or hospitals by Louisiana doctors. The injured may be destitute. They may be compelled to call upon friends, relatives, or the public for help. Louisiana has manifested its natural interest in the injured by providing remedies for recovery of damages. It has a similar interest in policies of insurance which are designed to assure ultimate payment of such damages."

In line with Johnson, supra, there can be no question but what at the time that Guam adopted the Louisiana direct action statute, the Louisiana courts had held and continue to hold that an insurance company cannot be relieved of liability because of defenses personal to the tort-feasor, Rome v. London & Lancoshire Indemnity Co., La.App., 169 So. 132, 133; McHenry v. American Employers Insurance Co., La.App., 18 So.2d 840.

## GUAM'S FINANCIAL RESPONSIBILITY LAW

Under Guam's Financial Responsibility Law, Sec. 23525 et seq., a motorist involved in an accident is required to deposit security, unless, Sec. 23528(f)

"That the owner had an automobile liability policy or bond in effect at the time of the accident with respect to the driver or the motor vehicle involved in the accident, unless it is established that at the time of the accident the motor vehicle was being operated without the owner's permission, express or implied, or was parked by a driver who had been operating such vehicle without such permission. Any such policy or bond shall meet the requirements of Section 23529(a)."

Section 23529(a) provides

"No policy or bond shall be effective under Section 23528 unless issued by an insurance company or surety company authorized to do business in Guam, nor unless such policy or bond is subject, if the accident has resulted in bodily injury or death, to limits, exclusive of interest and costs, of not less than Five Thousand Dollars ($5,000.00) because of bodily injury to or death of one person in any one accident and Ten Thousand Dollars ($10,000.00) because of bodily injury to or death of two or more persons in any one accident, and Five Thousand Dollars ($5,000.00) because of injury to or destruction of property of others in any one accident."

Defendant contends that the Financial Responsibility Law has no bearing on the issue involved herein because it becomes effective only after an accident has taken place. This Court does not agree. It would appear that Section 23529, coupled with the Direct Action Statute, means that when an insurance policy is in effect the injured plaintiffs have a cause of action against the insurance company immediately upon the impact and that, as a matter of public policy in Guam, an insurance company should not be permitted to escape responsibility under its policy because of the unfortunate circumstance that the insured was killed in the same accident. There are many instances when the insured may not be available to the insurance company, such as when the insured leaves the jurisdiction, is immediately unconscious as a result of the accident, or possibly so seriously injured as to have no recollection of what transpired. The laws with which we are dealing are intended for the protection of the injured and of the public. Insurance companies

know, or should know this when they assume the risk.

■ The defendant further contends in the case of Sumait v. Capital Fire & Casualty Co., 296 F.2d 108 (9 Cir. 1961) the Court of Appeals held that the Guam Direct Action Statute must be construed within the terms and limits of the policy. In its brief the defendant fails to make clear that Sumait is not applicable for the reason that the appellate court was simply considering whether a direct action lay against the insurance company. It did not attempt to construe the Direct Action Statute in the light of public policy and modern decisions which place increasing emphasis upon the protection of the public. The facts in Sumait, as held by the trial court, D.C., 188 F.Supp. 638 (1960) were that Sumait recovered judgment against Smith, the driver of an automobile, but was unable to show that Brown was the owner. When he discovered that Brown was the owner, he brought a direct action against the insurance company. The Court held that while Brown might be liable as the owner under the Guam Imputed Negligence Statute, the Guam Direct Action Statute was not in existence when the insurance policy was entered into, nor was the Imputed Negligence Statute; that under the terms of the policy Sumait could not recover until the liability of Brown had been determined, which had not been done. The decisions in Sumait are a far cry from the situation in this case. All of the statutes for the protection of the public were in existence when this accident took place and became a part of any policy issued.

■ This Court therefore holds that the death of a tort-feasor may not be used as a defense by the insurance company under its policy and that the above-entitled action should proceed to trial on its merits.