**CAPITAL INSURANCE & SURETY CO.,
Inc., Appellant,**

v.

**John V. KELLY as an individual, John V.
Kelly as an heir to the Estate of Mar-
jorie A. Kelly, Deceased, John Kelly, a
minor, and Don V. Kelly, a minor, both
heirs to the aforesaid Estate, By and
Through John V. Kelly, their father and
next friend, Appellee.**

No. 20302.

United States Court of Appeals
Ninth Circuit.

May 18, 1966.

Rehearing Denied June 23, 1966.

Walter S. Ferenz, Barrett, Ferenz &
Trapp, Oakland, Cal., for appellant.

E. R. Crain, Agana, Guam, for appel-
lee.

Before HAMLEY, JERTBERG, and ELY, Circuit Judges.

ELY, Circuit Judge.

■ This appeal presents the question of whether, in the Territory of Guam, a claim which arises from the negligent operation of a motor vehicle and which has permanently abated as against the tortfeasor because of his death may be successfully prosecuted against his automobile insurer under a Guamanian statute (Guam Gov.Code § 43354) permitting such insurers to be sued directly.

The appellant is an insurance company which, on October 24, 1964, carried a policy which was written in terms of indemnification and ran in favor of Dale S. Jones. The policy generally covered the operation of an automobile which, on the mentioned date, was involved in a collision with another vehicle. Jones was the driver and sole occupant of the insured vehicle, and he sustained injuries from which he died at the scene of the accident. In the other automobile were the appellee and his wife. Both were injured, the wife so seriously that she did not survive.

The appellee instituted suit for the recovery of damages resulting to him from his wife's death and from his own personal injuries. The suit was brought against the appealing insurance company. Its liability was claimed to rest upon Section 43354 of the Guam Insurance Code, which reads as follows:

"Liability policy: direct action. On any policy of liability insurance the injured person or his heirs or representatives shall have a right of direct action against the insurer within the terms and limits of the policy, whether or not the policy of insurance sued upon was written or delivered in Guam, and whether or not such policy contains a provision forbidding such direct action, provided that the cause of action arose in Guam. Such action may be brought against the insurer alone, or against both the insured and insurer."

The appellant agreed, by stipulation, that its insured had been solely responsible for the accident, and both parties agreed that, should liability be determined, damages should be fixed in the amount of $14,000. Appellant defended itself upon the sole ground that the cause of action abated upon the death of the insured. The defense was rejected, and the District Court entered judgment in which appellee was awarded damages for the agreed amount.

The appellee does not dispute the proposition that, under the law of Guam, a tort action abates upon the death of the tortfeasor.[1] He urges, however, that the statute which we have quoted, considered in the light of Guam's Financial Responsibility Law, (Guam Gov.Code § 23525 et seq.) should lead us to an exceptional ruling in the case at bar. He points

1. In its written opinion, the District Court observed,
"The Guam Codes were originally adopted from California in 1933, at which time the California courts had held that torts of this kind did not survive the death of the tort-feasor. When Guam took the California Codes it took the construction placed upon such Codes by the California courts, United States v. Johnson, 9 Cir., 181 F.2d 577. McLellan v. Automobile Ins. Co. Of Hartford, Conn., 80 F.2d 344 (9 Cir. 1935) was a case which arose in Arizona but so many California cases are cited as to make it abundantly clear that survival did not exist. The plaintiffs herein do not contend to the contrary."

In 1946, the California Supreme Court held that an action, insofar as it pertained to attempted recovery for property damage, did not abate with the death of the tortfeasor. Hunt v. Authier, 28 Cal. 2d 288, 169 P.2d 913, 171 A.L.R. 1379 (1946). The decision was widely criticized as being an unwarranted court usurpation of the legislative function. See, e. g., 26 Neb.L.Rev. 128 (1946); 21 St. John's L.Rev. 111; 20 So.Cal.L.Rev. 239 (1947). In 1949, the California legislature enacted legislation specifically permitting causes of action involving physical injury to survive the death of the tortfeasor. Cal.Civ. Code § 956.

to one section [2] of the Financial Responsibility Law, which does not require that automobile owners insure the operation of their vehicles but merely affects the driving privilege of one who may be unable to demonstrate a limited financial responsibility following an accident in which his vehicle is involved.

Appellee cites no case which stands for the proposition successfully advanced to the court below. He grounds his contention upon considerations of public policy, urging that the cited statutes evidence a legislative intent that the insurer of an automobile operating upon the highways of Guam shall remain liable to the victims of its insured's negligence, even though the insured shall have died before the responsibility is established.

It is not our function, in a case such as this, to establish a policy which is claimed to be in the interest of the people of Guam. The policy, good or bad, is already fixed by the action or inaction of the legislative bodies properly empowered to enact measures reflecting the will of their constituencies. Here, the legislature has decreed that a victim " * * * shall have a right of direct action against the insurer *within the terms and limits of the policy. * * * *"* (Emphasis added.) The insurance contract under consideration provided that the appellant would "indemnify the insured for all sums which *he* shall become legally obligated to pay as damage because of bodily injury, including death at any time resulting therefrom. * * *" (Emphasis added.)

The deceased insured did not "become legally obligated to pay" any damages whatsoever, nor could he or his estate be held to become so obligated under the admitted state of Guamanian law.

There was a strongly valid reason for Guam's action in authorizing a direct proceeding against the insurer of an automobile operating upon Guam's roadways. It is well known that the population of the Territory, military personnel and others, has been unusually transient in its nature. Obviously, it was believed that an insurer of an automobile should not escape a just obligation because of the removal of its insured from the Territory and the consequent difficulty or impossibility of subjecting the insured himself to the jurisdiction, *in personam,* of the courts of Guam. It is hardly to be questioned, however, that the legislature contemplated that an insurer, sued in a direct action, might encounter no insurmountable obstacle in presenting its insured's testimony, either in deposition form or by production of the witness personally.

In analyzing the case at hand, different considerations of policy are apparent. An alleged tortfeasor who is deceased may have been the only witness to events which might fairly exculpate him from legal responsibility. The rule that a tort action against him abates with his death was predicated upon the belief that public policy would be best served by avoiding the possibility that heirs suffer injustice because death foreclosed the opportunity for successful defense.

In this case, we cannot undertake to weigh conflicting considerations of public policy. We are not properly empowered to supply additions to an insurance contract, and we cannot enlarge statutory provisions and extend them beyond the limit of such legislative objectives as may reasonably be inferred from the provisions themselves.

---

2. "Insurance. (a). No policy or bond shall be effective under Section 23528 unless issued by an insurance company or surety company authorized to do business in Guam, nor unless such policy or bond is subject, if the accident has resulted in bodily injury or death, to limits, exclusive of interest and costs, of not less than Five Thousand Dollars ($5,000.00) because of bodily injury to or death of one person in any one accident and Ten Thousand Dollars ($10,000.00) because of bodily injury to or death of two or more persons in any one accident, and Five Thousand Dollars ($5,000.00) because of injury to or destruction of property of others in any one accident." Guam Vehicle Code § 23529(a).

Wiechmann v. Huber, 211 Wis. 333, 248 N.W. 112 (1933), is a case which appears to be close in point. It arose from an automobile accident which occurred in Wisconsin after that State had adopted its second automobile financial responsibility law in 1931. See Feinsinger, Financial Responsibility Laws and Compulsory Insurance, 10 Wis.L.Rev. 192, 196–199 (1935). A tort action against an insured defendant abated because of the insured's death. A Wisconsin statute made provision for direct action against an insurer, but the court held that the insurer was no longer liable. Referring to the decision, the Supreme Court of Wisconsin has subsequently written,

"In Wiechmann v. Huber, * * *, the assured died before action was begun by the representative of the deceased party, and the action for wrongful death abated thereby. It was held to be 'quite impossible to read into the statutes an intent to create a liability on the part of the insurance carrier completely dissociated from the liability of the insured,' and plaintiff could not recover from the insurer."

Segall v. Ohio Cas. Co., 224 Wis. 379, 272 N.W. 665, 667, 110 A.L.R. 82 (1937).

The opinion in Wiechmann was again quoted, with apparent approval, by Wisconsin's Supreme Court in Kujawa v. American Indem. Co., 245 Wis. 361, 14 N.W.2d 31, 33, 151 A.L.R. 1133 (1944).

Louisiana also has a statute providing that an insurer may be sued directly for alleged torts committed by the insured. To support its decision, the court below relied upon two Louisiana cases, McHenry v. American Employers Ins. Co., 18 So.2d 840 (La.Ct.App.1944) and Rome v. London & Lancashire Indem. Co., 169 So. 132 (La.Ct.App.1936). In one of these cases it was held that the doctrine of sovereign immunity, operating to prevent suit against an insured, would not extend to protect the insurer also. In the other it was held that the doctrine of interspousal tort immunity would not prevent a husband's suit against his wife's insurance carrier for the wife's negligence while operating the insured vehicle as an employee for another. Each of these cases involved absolute defenses available to alleged tortfeasors because of established policies of the forum. The insurers were not given the benefit of their insured's immunities, because to do so would not further the purposes of the policies underlying the immunities.[3]

In our case it would not have been necessary that any defense whatsoever be interposed in behalf of the deceased had he been named as a defendant. His death made it impossible for an effective judgment to be rendered against him. Here the same policy considerations which support the rule that a tort claim abates upon the death of the alleged tortfeasor may have influenced legislative failure to provide for survival of a cause of action, at least to the extent that there might be recovery of the contractually limited amount of possible liability of the deceased's insurer.

In Sumait v. Capital Fire & Cas. Co., 296 F.2d 108 (9th Cir. 1961), our court held, in a case arising in Guam, that a plaintiff who sued an insurance carrier

---

3. There seems to be uncertainty in the interpretation of the Louisiana statute. Concerning it, one authority writes,

"The direct action statute does not create an absolute liability on the part of the insurer nor does it create any tort liability where none existed before. Accordingly, a direct action statute does not create a right of action where no liability otherwise existed under the contract of insurance."

12 Couch, Insurance § 45:789, p. 685 (2d ed. 1964). (Citations omitted.)

The Fifth Circuit, in Degelos v. Fidelity & Cas. Co., 313 F.2d 809 (1963), interpreted the Louisiana statute as meaning,

"Under the Direct Action Statute, the case may proceed against the insurer, but liability depends on legal liability of the assured. Whether, as the Act permits, the assured is joined with the insurer, the standard for recovery is identical." 313 F.2d at 815.

We find some difficulty in reconciling the language of Couch and the Fifth Circuit with the cited opinions of the Louisiana court.

must bring himself " 'within the terms and limits of the policy.' " Ibid. Since the plaintiff in that case failed to establish that the insured was liable to him, it was held that there was no liability on the part of the insurer.

The cause is remanded with directions to vacate the judgment and dismiss the action.

Reversed.